IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PETER GRIGG,<br><br>    Plaintiff,<br><br>v.<br><br>BARBARA BENSON,<br><br>    Defendant. | CV-23-067-DLC-KLD<br><br>ORDER and FINDINGS AND RECOMMENDATION |

On June 1, 2023, pro se Plaintiff Peter Grigg filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a complaint against Montana Nineteenth Judicial District Special Master, Barbara Benson. (Doc. 2).

## I. Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On June 1, 2023, Grigg completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc. 1). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

1

## II. Screening Requirement

Because Grigg is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears

"beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it is clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l.*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharma. Ass'n v. Klamath Medical Servs. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

### III. Analysis

Grigg brings this action against Special Master Barbara Benson in her official capacity. (Doc. 2 at 4). He alleges unspecified violations of the Montana and United States Constitutions, and cites Title VII of the Civil Rights Act of 1964, the "US Courts Judicial Canons" and the Montana Code Annotated as a basis for his claims. (Doc. 2 at 6). Liberally construed, the Complaint alleges that Special Master Benson violated his constitutional and civil rights while presiding over his marriage dissolution proceedings, which have left him homeless and caused him substantial stress, trauma, mental anguish, and despair. (Doc. 2 at 6-7).

It is well established that a judge is absolutely immune from suit for judicial actions undertaken in the course of her official duties in connection with a case, unless the judge acts outside of her judicial capacity or in the complete absence of

jurisdiction. *Mireless v. Waco*, 502 U.S. 9, 11–12 (1991). Judicial immunity is not overcome "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (explaining that the doctrine of judicial immunity exists to benefit the public because "[a judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption").

Judicial immunity may extend to officials other than judges when they perform tasks that are an integral part of the judicial process. See *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987). "When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges—that is, because they, too, exercise a discretionary judgment as part of their function." *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) (quoting *Antoine v. Byers & Anderson, Inc.,* 113 S.Ct. 2167, 2171 (1993)). "Judicial acts are those involving the 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.'" *Atkinson-Baker*, 7 F.3d at 1454 (quoting *Burns v. Reed*, 500 U.S. 478, 500 (1991)). When a special master exercises discretionary judgment as part of her function, the doctrine of absolute quasi-judicial immunity can be applied to her actions. *Atkinson-Baker,* 7 F.3d at 1455.

Grigg appears to allege that Special Master Benson was "unfamiliar with the case" and "confused with the case," asserting that Benson only received the case on the morning of the hearing and after Judge Cuffe recused himself. (Doc. 2 at 6). Grigg further alleges "excessive punishment and retaliation," and that as a result of Special Master Benson's conduct he has lost "all goods, chattels, property, and finances in a biased judgement." (Doc. 2 at 6). Grigg asserts that Special Master Benson discriminated against him, violated his civil and human rights, and deprived him of his right to appeal, object or file further motions. (Doc. 2 at 7). Taking these allegations as true, all of Special Master Benson's actions while presiding over Grigg's dissolution proceedings were unquestionably judicial acts done within her jurisdiction as a special master. As alleged in the Complaint, Special Master Benson was at all times exercising her discretionary judgment as a special master and is accordingly entitled to quasi-judicial immunity.

The Court concludes that the deficiencies set forth above cannot be cured by the allegation of additional facts and amendment would be futile. Therefore, the Court recommends Grigg's Complaint be dismissed with prejudice. For the reasons discussed above, the Court enters the following:

//

//

## ORDER

IT IS ORDERED that Grigg's motion to proceed in forma pauperis (Doc. 1) is GRANTED and his filing fee is waived. The Complaint is deemed filed on June 1, 2023.

## RECOMMENDATION

IT IS RECOMMENDED that:

1. Grigg's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Grigg may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a *de novo* determination by the district judge and/or waive the right to appeal.

<u>Grigg must immediately advise the Court of any change in his mailing</u>

//

//

<u>address</u>. Failure to do so may result in dismissal of this action without notice to him.

DATED this 9th day of June, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge